Elbert T. Gallagher, J.
By this proceeding the plaintiff, Town of Greenburgh, seeks an order to punish the defendants for contempt of a final judgment entered upon an order of the Appellate Division, Second Department (285 App. Div. 1090).
The judgment invalidated the building permit and certificate of occupancy formerly issued by the building department and enjoined the defendants from using or occupying their building until it is made to conform to the provisions of the zoning ordinance and the resolution of the town board adopted July 7, 1953 and until a proper building permit and certificate of occupancy are issued by the town.
The defendants plead that there has been no intent, or purpose, or failure, or refusal to comply with said judgment. They *514 allege that there is uncertainty as to what is necessary to be done to accomplish such conformance, and cite that they have petitioned the town board for an interpretation of said ordinance, but that the town board has not taken any action thereon. Counsel for the town asserts that the defendants’ petition does not seek a construction of the ordinance, but is a petition to rezone the property in such a manner as to legalize the building which the Appellate Division has adjudged is in violation of the town ordinance and the conditions imposed by the town in granting the application of defendant Buser for a change of zone.
Here too, the parties have divergent views. It is the position of the defendants, that in annexing certain conditions, while granting the zone change, the town board was acting outside the scope of its powers, and, therefore, the enforcement of such conditions would be illegal. They contend further that this question was not raised before the Appellate Division, and for that reason this court can give consideration thereto.
An examination of the agreed statement of facts submitted to the Appellate Division confirms the defendants’ claim that this issue was not raised by them in that court. This court in inclined to hold upon good authority that the granting of a zoning change upon conditions or agreements, or the recording of restrictive covenants, is an unauthorized exercise of the police power delegated to the municipality (Bassett on Zoning, p. 184; Zoning Bulletin of the Regional Plan Association, Inc., No. 75, March, 1955; and cases there cited). However, for this court to delete the invalid conditions from the rezoning resolution of July 7, 1953 would be tantamount to substituting the judgment of this court for that of the town board; the court cannot assume that the town board would have granted the change of zoning without such conditions. “ The court may not substitute its judgment for that of the local legislative body ”. (Ulmer Park Realty Co. v. City of New York, 270 App. Div. 1044, 1045 [2d Dept.], citing cases, affd. 297 N. Y. 788.)
The defendants claim further that condition numbered “ 1 ” of the rezoning resolution should be construed to be a limitation on the use of the building and not a limitation as to its location on the real property. Since the technical terms customarily used, such as “ set back ”, “ front yard ”, “ rear yard ”, and “ side yards ”, do not appear therein, there does seem to be some merit to the defendants ’ contention. The condition sought to be construed, is as follows: ‘ ‘ designed for occupancy by real estate offices on the first floor, and offices for professional use on the second floor, all as shown on the plan and elevation *515 accompanying said petition, and for no other use whatever In view of the disposition to be made herein, the court is of the opinion that the construction of the foregoing should be left to the town board.
The court does not mean to imply that the defendants were entirely without fault, in fact they committed several infractions of the local building ordinance. Although of a technical nature related to unauthorized deviations from the plans filed with the building department, nevertheless, the municipality cannot be expected to condone such violations.
The burden that the defendants would have to endure were this court to find that they have willfully neglected and refused to comply with the judgment herein, is severe. In effect, it would substantially, if not completely, destroy their property. In view of the foregoing, and the defendants ’ petition now before the town board, the court is constrained to afford the defendants and the town board an opportunity to weigh the matters which the court believed proper to comment on, and this motion will be adjourned for 30 days.